# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILL EL and BEYSHAUD EL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | 2:15-cv-00834-NBF |
| v. ) | District Judge Nora Barry Fischer |
| ) | |
| CITY OF PITTSBURGH, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

**I.    INTRODUCTION**

Presently before the Court is Plaintiffs' Motion for Reconsideration/Clarification. (Docket No. 89). Therein, Plaintiffs urges the Court to reconsider its July 28, 2017 Memorandum Opinion and Order that granted the Office of the District Attorney of Allegheny County's Motion for Protective Order and ordered "that in depositions and during trial, counsel for the Plaintiffs shall refrain from asking questions of Kristin Pauli, Stephen Zappala, and Rebecca Spangler pertaining to their mental impressions, conclusions, opinions, or legal theories, or deliberations on the law and/or policymaking, as well as the exchange of opinions, recommendations, or advice between same." (Docket Nos. 85, 86). For the reasons that follow, the Motion for Clarification will be granted, in part and denied, in part; the Motion for Reconsideration will be denied.

**II.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND[1]**

This is a civil rights action in which two brothers, Plaintiffs Will El ("Will") and Beyshaud El ("Beyshaud") (collectively "Plaintiffs"), assert Section 1983 claims under the

---

[1] Because the Court already discussed the factual circumstances underlying this issue in detail in the July 28, 2017 Memorandum Opinion and Order and because the parties are well-familiar with Plaintiffs' claims in this case, the Court will not repeat all of those facts here, but instead will recite only the facts that are necessary to put this ruling in appropriate context.

1

Fourth and Fourteenth Amendments to the United States Constitution and an assault and battery claim under Pennsylvania law against three City of Pittsburgh police officers – Defendants Reyne Kacsuta, Frank Welling, and Ryan Warnock ("individual officer Defendants") – for allegedly using excessive force while arresting Plaintiffs on July 2, 2013.  Plaintiffs also assert a claim against Defendant City of Pittsburgh under *Monell v. Dep't of Soc. Serv. of City of N.Y*, 436 U.S. 658 (1978).  Following the individual officer Defendants' alleged use of excessive force, Plaintiffs were arrested and charged with aggravated assault on police officers.

Several months later, on February 11, 2014, Allegheny County District Attorney Stephen Zappala ("DA Zappala") issued a letter, after reviewing video recordings of the encounter and other evidence, and ordered that the charges against Will be withdrawn and the aggravated assault charge against Beyshaud be amended to a summary charge.  But the next day, Defendant Kacscuta requested a meeting with DA Zappala, Acting Chief of Police Regina McDonald, and Assistant Chief Bryant to discuss the criminal case against Plaintiffs.  (Docket No. 78-3). Thereafter, Will's charge, like his brother's, was amended to a summary charge.  Both Plaintiffs ultimately pleaded guilty to the charges.  According to affidavits submitted by DA Zappala and First Assistant District Attorney Rebecca Spangler ("ADA Spangler"), DA Zappala conferred with both ADA Spangler and the prosecutor assigned to Plaintiffs' criminal case, Assistant District Attorney Kristin Pauli ("ADA Pauli"), regarding DA Zappala's decision to proceed against Will on the amended summary charge following his letter from February 11, 2014. (Docket Nos. 76-8, 76-9).

Plaintiffs initiated this action on June 23, 2015, and following motions practice and a Case Management Conference on March 11, 2016, the case proceeded to discovery.  The present motion is derived from a May 31, 2017 deposition of ADA Pauli wherein Plaintiffs sought to

have her testify regarding why the DA's Office filed the amended charges against Plaintiffs following DA Zappala's letter from February 11, 2014. At the deposition, ADA Pauli's counsel repeatedly asserted three objections: (1) the work-product doctrine; (2) the deliberative process privilege; and (3) that the testimony would constitute inadmissible legal opinion. To resolve the objections, the Court instructed counsel for the District Attorney's Office representing DA Zappala, ADA Spangler, and ADA Pauli ("DA Movants") to file a motion for protective order, which they did on June 12, 2017. (Docket Nos. 76, 77). Plaintiffs filed a response and brief in opposition to the motion for protective order on June 22, 2017, (Docket Nos. 78, 79), and the individual officer Defendants filed a response and reply brief on June 28, 2017, (Docket Nos. 79, 80). The Court held a hearing and oral argument on the motion on June 30, 2017, (Docket No. 83), and entered the Memorandum Opinion and Order granting the motion on July 28, 2017 ("prior Order"). (Docket Nos. 84, 85). Specifically, the Court agreed with all three of the arguments advanced by the DA Movants and, in granting the motion, held:

> [T]he objections raised during the deposition of Kristin Pauli on May 31, 2017, as set forth in the Motion, are SUSTAINED; and that in depositions and during trial, counsel for the Plaintiffs shall refrain from asking questions of Kristin Pauli, Stephen Zappala, and Rebecca Spangler pertaining to their mental impressions, conclusions, opinions, or legal theories, or deliberations on the law and/or policymaking, as well as the exchange of opinions, recommendations, or advice between same.

(Docket No. 85).

Following another telephonic conference on August 1, 2017, (Docket No. 88), Plaintiffs filed the present motion for reconsideration/clarification. (Docket No. 89). On August 18, 2017, the DA Movants, the individual officer Defendants, and the City separately filed responses and briefs opposing this motion. (Docket Nos. 90-92). Accordingly, the motion is ripe for disposition.

3

### III. LEGAL STANDARD

"The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Trinity Indus., Inc. v. Greenlease Holding Co.*, 2016 WL 4009546, *2 (W.D. Pa. 2016) (internal marks and citations omitted). In contrast, the purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Howard Hess Dental Lab. Inc. v. Dentsply Intern., Inc.*, 602 F.3d 237, 251 (3d Cir. 2010) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). The Court may grant a motion for reconsideration if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence which was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café by Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are not a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court, *see United States v. Hoey*, 2011 WL 748152, at *2 (W.D. Pa. 2011) (citation omitted), to express disagreement with the Court's rulings, *see United States v. Perminter*, 2012 WL 642530, at *7 (W.D. Pa. Feb. 28, 2012), or for addressing arguments that a party should have raised earlier, *see United States v. Dupree*, 617 F.3d 724, 732-33 (3d Cir. 2010) (quotations omitted).

### IV. DISCUSSION

#### A. Motion for Clarification

At the August 1, 2017 telephonic conference, Plaintiffs informed the Court that that they still needed to depose six police officers and requested further explanation of the limitations that

the prior Order placed on their questioning. (Docket No. 87). The Court ordered that Plaintiffs file a motion for clarification to present this issue on or before August 11, 2017. (*Id.*). Rather than seeking clarification of the implications of the prior Order, as previously discussed, Plaintiffs filed the pending motion for reconsideration, wherein they argue for thirteen pages that the prior Order was incomplete and wrongly decided. (Docket No. 89). Plaintiffs made no arguments and presented no facts in the motion as to any matters that they needed clarified or otherwise explained by the Court, and then requested in the last sentence of the motion that the Court, in the alternative, "clarify the extent to which the Plaintiffs may examine the remaining witnesses and party defendants relative to conversations they may have had at a meeting with the District Attorney [from February 2014]." (*Id.* at 13). In filing their motion this way, Plaintiffs prevented the DA Movants and Defendants from responding in a meaningful way or addressing Plaintiffs' unexplained concerns.

Consequently, without having the benefit of the litigants' arguments and positions on this issue, the Court cannot define the permissible scope of Plaintiffs' upcoming depositions of the witnesses and police officers. As the Court of Appeals has held,

> even the most learned judges are not clairvoyant. Thus, we do not require district judges to anticipate and join arguments that are never raised by the parties. Instead courts rely on the litigants not only to cite relevant precedents, but also to frame the issues for decision.

*Dupree*, 617 F.3d at 728 (citations omitted). It is the responsibility of the parties and their respective counsel to present all relevant facts and arguments to the Court prior to a disposition being rendered on a particular matter so as to avoid piecemeal rulings. *Id.* Here, Plaintiffs have failed to adhere to this most basic axiom. Given that Plaintiffs neglect to identify a portion of the prior Order that they construe as vague or ambiguous, and since they fail to otherwise identify

with any specificity what explanation they need concerning limitations during the depositions of police officers and other witnesses, their motion for clarification is deficient. *See Cottillion v. United Refining Co.*, 2014 WL 1207527, *2 (W.D. Pa. 2014) (denying motion for clarification because "there [was] nothing ambiguous or vague about the Court's order").

The Court notes, however, that it can clarify one lurking issue, notwithstanding Plaintiffs' unclear motion. As explained below, Plaintiffs' motion for reconsideration of the prior Order prohibiting them from asking the DA Movants about why the DA's Office filed charges against them is without merit. Hence, it follows that the Court's prior Order also precludes Plaintiffs from questioning the remaining witnesses and police officers about why the DA Movants filed the charges against Plaintiffs and other questions about the DA Movants' mental impressions, conclusions, opinions, or legal theories about the charging decision. The Court's prior Order can reasonably be read to prohibit such questions. At the same time, however, the Order can also be read as not foreclosing Plaintiffs from questioning the officers or seeking production of documents about the July 3, 2013 arrest of Plaintiffs that are *factual* in nature, including questions about why the February 2014 meeting with DA Zappala was requested, who attended the meeting, and what information, if any, was discussed/produced about the arrest. *See* (Docket No. 84 at 8) (citing *Carter v. City of Phila.*, 2000 WL 632988, at *2 (E.D. Pa. 2000); *Wong v. Thomas*, 238 F.R.D. 548, 552 (D.N.J. 2007)). Indeed, although such post-arrest conduct and information may not be necessary to prove Plaintiffs' claims, it is conceivable that subsequent non-privileged statements and information about the July 2013 incident, including those made and produced in connection with the February 2014 meeting, could be relevant for other purposes. *See, e.g., Neuberger and Scott v. Shapiro*, 196 F.R.D. 286, 287 (E.D. Pa. 2000) ("[W]itness impeachment is a time-honored basis for discovery."); Wright, Miller, & Marcus,

6

Fed. Prac. & Proc., Civil 2d § 2015 ("Discovery is commonly allowed in which the discovering party seeks information with which to impeach witnesses for the opposition.").

Aside from noting the above, the Court is simply unable to define the specific boundaries of the questions that Plaintiffs may ask witnesses during the depositions and cannot anticipate what objections, if any, the witnesses may have to same. Accordingly, the Court holds that prior to Plaintiffs' depositions of the police officers and other witnesses, Plaintiffs' counsel shall confer with opposing counsel to ascertain whether there will be any issues or objections. In the event that another dispute arises, counsel are expected to make good faith efforts to resolve such matters without further involvement from the Court. Therefore, based on the above, Plaintiffs' motion for clarification is granted, in part and denied, in part. The Court now turns to Plaintiffs' motion insofar as they seek reconsideration of the prior Order.

### B. Motion for Reconsideration[2]

Given that Plaintiffs do not present an intervening change in the controlling law or point to new evidence which was not available when the court issued its Order, Plaintiffs must demonstrate that their motion is necessary to correct a clear error or to prevent a manifest injustice. *Max's Seafood*, 176 F.3d at 677. They have failed to meet this heavy burden for several reasons.

---

[2] The Court acknowledges that the DA Movants and the Defendants assert that Plaintiffs' motion for reconsideration is untimely pursuant to the Court's Practices and Procedures. (Docket Nos. 90-92). *See United States v. Kubini*, 304 F.R.D. 208, 211 (W.D. Pa. 2015 (quoting *Practices and Procedures of Judge Nora Barry* Fischer, § II.M, available at http://www.pawd.uscourts.gov/sites/pawd/files/PandPJudgeNoraBarryFischer.pdf (effective Feb. 5, 2013) ("any motions for reconsideration shall be filed within seven (7) days")). As indicated above, the Court held a telephonic conference with the parties where Plaintiffs requested only clarification. (Docket No. 87). All counsel consented to Plaintiffs' request to file a motion. (*Id.*). Although Plaintiffs did not indicate during the telephonic conference that they would also like to seek reconsideration, the Court would have granted them leave to do so if they had. Therefore, because the DA Movants and the Defendants address the motion on the merits and do not demonstrate any prejudice, the Court will consider the motion on the merits.

The most obvious problem with Plaintiffs' motion is that, although the prior Order granting the motion for protective order was based on (1) the attorney work-product doctrine, (2) the deliberative process privilege, and (3) the prohibition against witnesses testifying as to legal opinion, Plaintiffs only challenge the Court's ruling on the issue of the deliberative process privilege.[3] As Plaintiffs ignore the Court's other two rulings that independently supported granting the DA Movants' motion for protective order, Plaintiffs have failed to establish that the Court made a clear legal error in the prior Order or that reconsideration of same is necessary to prevent a manifest injustice. *See Durst v. Durst*, 663 Fed. App'x 231, 237 (3d Cir. 2016) (affirming the District Court's denial of a motion for reconsideration based, in part, on the fact that the issue raised in the motion would not have changed the outcome of the prior decisions).

Moreover, Plaintiffs' reliance on *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973) and other cases applying the so-called "law-enforcement investigatory privilege" does not establish that the Court's prior Order was clearly wrong or that reconsideration is necessary to prevent manifest injustice. The deliberative process privilege, which the Court applied in the prior Order, is distinct from the law-enforcement investigatory privilege that was at issue in *Frankenhauser*. *Smith v. Rogers*, 2017 WL 2937957, *2 (W.D. Pa. 2017). Consequently, the Court rejects this argument, as well as Plaintiffs' related argument that the Court erred in not holding "an in camera hearing [to] require the relevant actors to disclose the subjects of the conversations at the meeting in question." (Docket No. 89 at 12).

---

[3] Throughout their motion for reconsideration, Plaintiffs generally refer to this privilege as the "executive privilege." The executive privilege comprises a variety of privileges, including the deliberative process privilege. *Chisler v. Johnston*, 796 F.Supp.2d 632, 638 (W.D. Pa. 2011). The DA Movants expressly invoked the deliberative process privilege in their motion for protective order, (Docket No. 77 at 9 n. 1), and the Court's decision was limited to analyzing same. Thus, for the sake of clarity, the Court will only refer to it as the deliberative process privilege.

Plaintiffs' argument that the DA Movants waived their deliberative process privilege fares no better for at least two reasons. First, Plaintiffs did not present this argument to the Court in their brief in opposition to the motion for protective order or at oral argument on the motion. Plaintiffs, therefore, have waived this argument. *See Dupree*, 617 F.3d at 732-33 ("Though motions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants to raise their arguments, piece by piece.") (internal marks, alterations, and quotation omitted). Second, assuming *arguendo* that Plaintiffs are correct that the DA Movants waived the deliberative-process privilege by having a meeting with Defendant Kacsuta and other City of Pittsburgh police officers, this fact, even if true, does not change the outcome of the prior Order. As explained above, Plaintiffs have failed to demonstrate that either of the Court's other two grounds for granting the DA Movants' motion for protective order – the attorney work-product doctrine or the prohibition against witnesses testifying as to legal opinion – warrants reconsideration. *See, e.g., In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011) ("Though they both operate to protect information from discovery, the work-product doctrine and the attorney-client privilege serve different purposes."); *Berckeley Inv. Group v. Colkitt*, 455 F.3d 195, 217 (3d Cir. 2006) (witnesses are prohibited from rendering a legal opinion because such testimony, if allowed, "would usurp the District Court's pivotal role in explaining the law to the jury").

Finally, the Court rejects Plaintiffs' contention that the information from DA Movants about the post-arrest charging decision is vital to their claims in this case. The Court already considered this argument in the prior Order. *See* (Docket No. 84 at 6, 10). As such, Plaintiffs' attempt to re-litigate an issue already decided by the Court in the prior Order is unavailing. *See Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011); *Hoey*, 2011 WL 748152, at *2. Moreover,

Plaintiffs once again fail to persuasively explain in the present motion how the requested information from the DA Movants about the post-arrest charging decision is relevant to their claims herein.

A Section 1983 excessive force claim is determined by "all of the relevant facts and circumstances *leading up to* the time that the officers allegedly used the excessive force," *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (emphasis added), not by "the 20/20 vision of hindsight." *Graham v. Connor*, 490 U.S. 386, 395 (1989). The same is true for an assault and battery claim under Pennsylvania law, regardless of whether the police officers' arrest was lawful or unsupported by probable cause. For claims involving lawful arrests, "[t]he reasonableness of the force in making the arrest determines whether the police officer's conduct constitutes and assault and battery." *Renk v. City of Pittsburgh* 641 A.2d 289, 293-94 (Pa. 1994). For assault and battery claims involving arrests without probable cause, the probable cause inquiry is based on "the facts and circumstances which are within the knowledge of the officer *at the time of the arrest*." *Id.* at 293-94 (quotation omitted, emphasis added). Therefore, because Plaintiffs' claims in this case against the individual officer Defendants and their *Monell* claim against the City are based exclusively on the events leading up to and during the July 2013 arrest, they have failed to demonstrate that the Court's prior Order was clearly wrong or that adherence to same would create a manifest injustice by precluding them from asking questions to the DA Movants as to why their office later filed charges against them. *See In re City of Philadelphia Litig.*, 158 F.3d 711, 721 (3d Cir. 1998).

## V. CONCLUSION

In accordance with the foregoing, the Court hereby enters the following Order regarding Plaintiffs' Motion for Clarification/Reconsideration [89]:


IT IS HEREBY ORDERED that Plaintiffs' Motion for Clarification is GRANTED, IN PART AND DENIED, IN PART, and that prior to Plaintiffs' depositions of the police officers and other witnesses, Plaintiffs' counsel shall confer with opposing counsel to ascertain whether there will be any issues or objections. In the event that another dispute arises, counsel are expected to make good faith efforts to resolve such matters without further involvement from the Court.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Reconsideration is DENIED.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: September 28, 2017.
cc/ecf: All counsel of record.